IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRIAN DOUGLAS SMITH, | CV 17-00037-M-DLC-JCL |
| Plaintiff, | |
| vs. | RECOMMENDATION AND ORDER |
| REBECCA S. ANDERSON, M.D.C, AND RODNEY G. HEATON, M.D., | |
| Defendants. | |

Plaintiff Brian Smith, a state prisoner, filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a Notice of Appeal (Doc. 2). Smith is attempting to appeal a decision of the Montana Supreme Court. This Court does not have jurisdiction to hear appeals of state court decisions.

A "district court may deny leave to proceed [in forma pauperis] at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *O'Laughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). This matter is frivolous as Mr. Smith seeks to appeal a decision of the Montana Supreme Court. Federal district courts do not have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). As courts of original jurisdiction, federal

district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings. *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983) (holding that the district court lacked jurisdiction over challenge to District of Columbia court's denial of petitions for waiver from bar admission requirements); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Only the United States Supreme Court has jurisdiction to engage in such review. 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 482.

The *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[1] *Exxon Mobil Corp.*, 544 U.S. at 284. Mr. Smith appealed the state district court's September 23, 2015 order granting defendants' motion for summary judgment in his medical negligence case. The Montana Supreme Court affirmed the state district court's decision on August 9, 2016. *Smith v. Anderson*, 385 Mont. 539 (2016). The United States Supreme Court denied Smith's petition for writ of certiorari regarding the Montana Supreme

---

[1] The *Rooker–Feldman* doctrine derives its name from two United States Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

Court's decision on February 21, 2017. *Smith v. Anderson*, ___ S.Ct. ___, 2017 WL 670496 (2017).

Smith is seeking review and rejection of a decision of the Montana Supreme Court issued prior to commencement of this action. As such, this matter is barred by the *Rooker-Feldman* doctrine. This Court does not have jurisdiction over this matter, and it should be dismissed.

Based on the foregoing, the Court **RECOMMENDS** that Chief United States District Court Judge Christensen issue the following Order.

DATED this 24th day of March, 2017.

Jeremiah C. Lynch
United States Magistrate Judge

Based upon the recommendation of Judge Lynch, the Court issues the following:

## ORDER

1. Smith's Motion to Proceed in Forma Pauperis (Doc. 1) is **DENIED**, and this matter is **DISMISSED**. The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. No motions for reconsideration or rehearing will be entertained, and the

Clerk of Court is directed to discard any such motions.

DATED this 24th day of March, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court